UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JEAN POST, | ) |
|     Plaintiff, | ) CIVIL COMPLAINT <br> ) |
| v. | ) <br> ) CASE NO. 1:19-CV-2186 |
| JP RECOVERY SERVICES, LLC, | ) |
|     Defendant. | ) <br> ) **JURY DEMAND** <br> ) |

## COMPLAINT

Now comes JEAN POST ("Plaintiff"), complaining as to the conduct of JP RECOVERY SERVICES, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant's principal place of business is located in this District, and a substantial portion of the events giving rise to the claims occurred within this District.

[ 1 ]

## PARTIES

4. Plaintiff is a natural person residing in the State of New York.

5. Defendant is a third-party debt collector headquartered in New York that regularly collects upon consumers in the State of New York.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Upon information and belief, Plaintiff took out a payday loan for personal (not business) purposes.

8. Earlier this year, Plaintiff began receiving calls from Defendant in connection with collecting the purported debt.

9. Plaintiff told Defendant not to contact her.

10. This constitutes express withdraw of any purported consent by Plaintiff to be contacted by Defendant.

11. Defendant continued to harass Plaintiff with multiple phone calls.

12. Plaintiff's son told Defendant to stop calling Plaintiff.

13. This constitutes express withdraw of any purported consent by Plaintiff's to be contacted by Defendant.

14. Nonetheless, Defendant continued to harass Plaintiff with phone calls.

15. During one phone call, Defendant threatened Plaintiff, stating that Defendant was going to file a lawsuit against Plaintiff if she did not pay the purported debt.

16. Defendant further threatened Plaintiff, stating that they would ruin her credit score if she did not pay the purported debt.

17. Defendant requires an oxygen tank in order to breathe.

18. Defendant again threatened Plaintiff, stating that Defendant would take her oxygen tank if she did not pay the purported debt.

19. Fearing Defendant's threats, including a threat that could result in Plaintiff's death, Plaintiff made a payment to Defendant.

20. On information and belief, the purpose of Defendant's threats was to harass Plaintiff into paying the purported debt.

21. On information and belief, Defendant does not have the legal authority to file a lawsuit against Plaintiff in order to collect the purported debt. In the alternative, Defendant does not actually intend to file a lawsuit against Plaintiff in order to collect the purported debt.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff realleges the paragraphs above as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA, or, in the alternative, Plaintiff is a person with "injurious exposure" to conduct violating § 1692e of the FDCPA.

24. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

25. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

26. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a payday loan used for personal purposes.

27. Defendant's actions violated:

   a. § 1692d because Defendant made a threat of violence or criminal means to harm Plaintiff's person and property;

   b. § 1692e generally because Defendant made false, deceptive, and misleading representations or means in connection with the collection of a debt;

   c. § 1692e(5) because Defendant threatened to take legal action that cannot legally be taken, or, in the alternative, that Defendant does not intend to take; and

   d. § 1692e(10) because Defendant made a false representation and deceptive means to collect or in the attempt to collect a debt.

## COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

28. Plaintiff realleges the above paragraphs as though fully set forth herein.

29. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

30. Plaintiff is a "person" as defined by R.C. 1345.01(B).

31. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

32. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

33. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

34. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

35. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

36. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq. See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny

[ 5 ]

violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

37. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

38. Defendant has further committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by engaging in or using unfair means to collect a debt.

39. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA by communicating with Plaintiff after being told to stop and by placing an oppressive number of telephone calls to Plaintiff.

40. Such acts and practices have been previously determined by Ohio courts to violate the CSPA. *See, e.g., State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.*, No. CV863-1158, 1986 WL 363150, at *2 (Ohio Com. Pl. Mar. 31, 1986) ("A supplier who, in its collection of consumer debts, engages in acts, the natural consequence of which is to harass consumers violates O.R.C. § 1345.02(A)"); *State ex rel. Fisher v. Lasson*, No. CV 92 10 0193, 1994 WL 912252, at *5 (Ohio Com. Pl. Oct. 14, 1994) (repetitive calls can be unconscionable).

41. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

    **a.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.** Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

    **d.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated: September 20, 2019

                                                By: s/ Jonathan Hilton
                                                Jonathan Hilton (0095742)
                                                HILTON PARKER LLC
                                                10400 Blacklick-Eastern Rd NW, Suite 110
                                                Pickerington, OH 43147
                                                Tel: (614) 992-2277
                                                Fax: (614) 427-5557
                                                jhilton@hiltonparker.com